IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYAN JOHN OSWALD,

                                                 ORDER

                Plaintiff,

                                                 10-cv-31-bbc

      v.

VIKING COLLECTION,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RYAN JOHN OSWALD,

                                               ORDER

                Plaintiff,

                                                 10-cv-32-bbc

      v.

PRIMARY FINANCIAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In these two cases, plaintiff Ryan John Oswald is proceeding on claims that defendants Primary Financial and Viking Collection obtained his credit report without a lawful purpose for doing so, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f). Both defendants have filed motions for summary judgment. Plaintiff has not filed

1

a response to either of those motions, even though his deadline for doing so has long since passed.

Both defendants have submitted proposed findings of fact in which they state that they obtained plaintiff's credit report as part of an effort to collect a debt. Because plaintiff has failed to respond to defendants' motions, I must accept these proposed facts as true. Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994). Further, because debt collection is a permitted purpose under 15 U.S.C. § 1681b(a) for obtaining a credit report, defendants are entitled to summary judgment.

These two cases represent the second and third time within the last year that plaintiff has failed to respond to a summary judgment motion in a case that he filed. (The first was Oswald v. Transunion, 08-cv-739-bbc, another case under the Fair Crediting Reporting Act. Plaintiff filed yet another case, Oswald v. Experian, No. 08-cv-743-bbc, but that case was closed after plaintiff dismissed it voluntarily.) In fact, in these two cases, plaintiff has done nothing since he served the complaint; he even failed to appear at the preliminary pretrial conferences. In all three cases, plaintiff was granted leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915. Thus far, plaintiff has not made any payments toward these debts.

The job of the judicial system is to resolve real disputes between parties after other, more informal methods have failed, not to provide a means of harassment or to satisfy a

plaintiff's unsupported suspicion that a law may have been broken. Under Fed. R. Civ. P. 11, a plaintiff is required to conduct a reasonable inquiry under the circumstances *before* he files a lawsuit to determine whether he has any grounds to sue. Continually filing lawsuits only to abandon them accomplishes nothing except to place an unwarranted burden on the court and the opposing party.

Under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995), courts have authority to prohibit plaintiffs who file frivolous lawsuits from proceeding any further while they have unpaid debts. Because plaintiff has filed three frivolous lawsuits without paying any of his filing fees, a sanction under Mack may be appropriate. Accordingly, I will give plaintiff an opportunity to pay his filing fees or show cause why he should not be prohibited from conducting any additional litigation in this court until he has paid those fees in full.

ORDER

IT IS ORDERED that

1. The motions for summary judgment filed by defendants Viking Collection and Primary Financial are GRANTED. The clerk of court is directed to enter judgment in favor of these defendants and close these cases.

2. Plaintiff Ryan John Oswald may have until July 9, 2010, to pay all of the filing fees

3

he owes in the amount of $1400.00 or to show cause why he should not be prohibited from litigating in this court until he has paid that amount in full.

Entered this 25th day of June, 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge

4